TERESA WALSH GANLEY, TRADING AS T. C. WALSH, APPELLANT, v. PHILIP KALIKMAN, RESPONDENT.

Submitted October 12, 1928—Decided March 11, 1929.

For the appellant, *Carl Kisselman* (*Albert S. Woodruff,* of counsel).

For the respondent, *D. Trueman Stackhouse.*

Before Justices TRENCHARD, KALISCH and LLOYD.

The opinion of the court was delivered by

LLOYD, J. This was an action instituted in the District Court of Camden by the plaintiff, a real estate broker, to recover a commission of five per cent. on the sale of property in that city under a written authority given by defendant to the plaintiff. The plaintiff found a purchaser acceptable to the owner at a price of $6,200 and collected $300 on account of the purchase price, $200 of which she retained on account of her commission and remitted the remaining $100 to the owner. The sale was completed and, the commission not being paid, the present action was brought for the unpaid balance, and the defendant counter-claimed for the $200 retained by the broker. The trial judge dismissed the plaintiff's claim and rendered judgment for the defendant for the counter-claim.

The authority to the plaintiff was as follows:

"T. C. Walsh is hereby authorized by the undersigned as sole and exclusive agent to sell the property described on the reverse hereof, which is made part of this agreement, and in consideration of said agent listing said property for sale in her office, agrees to pay said agent five per cent. of the gross consideration when a sale or exchange is effected, either by the agent or owner, before the revocation of this agreement.

The owner may revoke this agreement at any time one week from date after ...... months by giving thirty days' written notice, provided that no negotiations are pending at the time for the sale or exchange of the property. If the property is sold or exchanged subsequently to any party with whom the said agent has been negotiating, the said commission is to be paid to said agent. No verbal notice of the termination of this agreement will be recognized.

Witness my hand and seal this 31st day of December, 1927.

PHILIP KALIKMAN    [Seal]."

The reverse side of the card on which the contract was written contained a series of printed details as to the location of the property, price, type of building, rooms, additions, size of lot, &c. There was no question that the sale was effected through the agency of the plaintiff.

The contention of the defendant, which was adopted by the trial court, was that the authority was one to sell at the price of $6,800 and that alone; that plaintiff failing to find a purchaser for that sum, earned no commission even though the sale was effected at $6,200 through the broker's efforts, and in addition that when the broker retained the $200 she was doing so without authority.

We think the contention unsound. The statute requires only that "the authority for selling or exchanging * * * land be in writing and signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority." The authority in the present case is in writing signed by the owner and the rate of commission is specified; nothing more was required. Even though the price specified on the back of the card on which the contract was written be accepted as part of the terms of employment, unless it clearly appeared that obtaining this price was a condition of the broker's right to compensation the commission would be earned. The rule is that a broker duly employed in writing earns his commission when he finds a purchaser able and willing to comply with the terms specified in the authority thus given or when he finds a purchaser who agrees to purchase on terms satisfactory to the owner.

*Crowley Co.* v. *Myers,* 69 *N. J. L.* 245; *Steinberg* v. *Mindlin,* 96 *Id.* 206; *Dickinson* v. *Walters,* 100 *Id.* 62. In the present case the owner accepted the purchaser found by the plaintiff and a conveyance was made.

To defeat the plaintiff's claim it must appear that the parties intended to make the payment of the commission contingent on a price of $6,800 being obtained. We think nothing could be further from the fact. The authority is a general one to sell the property and contemplates either a sale for cash or an exchange of properties, and stipulates for the payment of five per cent. of the gross consideration upon such sale or exchange being effected. It is probable that the price noted on the back of the card, like the many other details, was simply one for the guidance of the broker, the contract referring to the reverse side to ascertain the property which the plaintiff was authorized to sell and that it is the description which is made a "part of the agreement." The price of $6,800 strictly construed means actual money and not property in exchange, and would be inconsistent with the general authority given, which was to sell or exchange. Whether, however, the figures were intended to be a part of the authorization further than as a guide to the broker it is unnecessary to decide. It is sufficient to say that obtaining the price stated was not made a condition of plaintiff's right to recover the commission which she had justly earned.

The judgment is reversed.