**WILLIAM A. WEGMANN, PLAINTIFF-APPELLEE, v. ALEX MELNICZAK AND SOPHIE MELNICZAK, DEFENDANTS-APPELLANTS.**

Submitted May 1, 1945—Decided September 14, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the appellants, *John Claud Simon.*

For the appellee, *Luethy & Flemming (Bernhard G. Luethy,* of counsel).

The opinion of the court was delivered by

PERSKIE. J. This is an action brought by a real estate broker to recover commission. The question for decision is whether the payment of commission was, under the agreement between the parties, conditioned or contingent upon the sale of the property for the price mentioned on the back of that agreement.

On October 26th, 1943, defendants below, owners of premises situate in Collingswood, New Jersey, by their writing authorized and employed plaintiff to act as their "sole and exclusive agent" to sell their property. Defendants agreed to pay the agent 5% of the "gross consideration when a sale or exchange is effected either by the agent or the owner before the revocation of this agreement." The writing provided that it might be revoked after six months by the giving of thirty days written notice to that effect. The reverse side of the writing, incorporated by reference in the signed portion thereof, listed, among other physical and financial details relating to the property, the sales price at $7,450. There was testimony that thereafter one of the defendants told the broker that the price should be reduced to $7,150. On or about November 15th, 1943, the broker obtained purchasers who were able and willing to pay $7,150 all cash and who signed an offer to purchase for that amount. The broker prepared an agreement for the sale of the property and together with the prospective purchasers called at the home of the defendants for the purpose of having the purchasers inspect the property and then and there to execute the agreement of sale between the parties. Defendants refused to permit an examination of the property and refused to execute the prepared agreement of sale. On November 15th, 1943, defendants caused a letter to be written to the plaintiff cancelling the written "agency contract." Conceiving that he had produced buyers who were able and willing to comply with the terms specified in the authority given him by the defendants, or to terms satisfactory to the owners (*Cf. Ganley* v. *Kalikman,* 105 *N. J. L.* 311, 313; 145 *Atl. Rep.* 108; *affirmed,* 106 *N. J. L.* 237; 148 *Atl. Rep.* 917; *Walsh* v. *Isgro,* 121 *N. J. L.* 165, 168; 1 *Atl. Rep.* (*2d*) 391; *Houston* v. *Siebert,* 129 *N. J. L.* 468; 30 *Atl. Rep.* (*2d*) 35), and having been refused his commission, the plaintiff sued defendants for such commission in the Camden City District Court, where the trial judge, sitting without a jury, entered a judgment of $375.50 plus costs in favor of the plaintiff. Defendants appeal.

Defendants' attack is "based entirely" upon the contentions (1) that as a matter of fact there was no oral modification

of the listing price, and (2) that even if there had been such a modification, it was "ineffective" because it was not in writing. Neither is, in the circumstances, meritorious.

1. There was evidence, although disputed, upon which the trial judge could find, as he did, that defendants had agreed to accept $7,150 for the property notwithstanding that the price had been listed at $7,450. In such circumstances this court does not, in appeals from the District Court, review a factual finding where there is evidence to support it. *R. S.* 2:32–202. *Sansone* v. *Selvaggi,* 121 *N. J. L.* 274; 2 *Atl. Rep.* (*2d*) 355; *Smigielski* v. *Nowak,* 124 *N. J. L.* 235; 11 *Atl. Rep.* (*2d*) 251; *Greenberg* v. *Feather,* 124 *N. J. L.* 469; 12 *Atl. Rep.* (*2d*) 241; *Terminal Cab Co.* v. *Mikolasy,* 128 *N. J. L.* 275; 25 *Atl. Rep.* (*2d*) 253; *Lewis* v. *V. LaRosa & Sons, Inc.,* 128 *N. J. L.* 474; 26 *Atl. Rep.* (*2d*) 879; *Milk* v. *Mulcahey,* 130 *N. J. L.* 325; 32 *Atl. Rep.* (*2d*) 598; *affirmed,* 131 *N. J. L.* 184; 35 *Atl. Rep.* (*2d*) 696.

2. Nor was the modification of the purchase price "ineffective" because it was not in writing. Both the authority to sell and the rate of commission on the dollar were in writing. That is sufficient. An agreement substantially, if not identically, similar to the one before us had the consideration of this court in *Ganley* v. *Kalikman, supra.* The only distinguishing fact between that case and the instant one is that a sale was actually effected in the Ganley case while no sale was consummated here. That distinction cannot avail defendants. They may not defeat plaintiff's right to his earned commission by their failure to carry out their undertaking. *Louis Schlesinger, Inc.,* v. *Burstein Realty Co.,* 123 *N. J. L.* 190; 8 *Atl. Rep.* (*2d*) 327. It was clearly open to the trial judge to find, as he did, that the parties did not intend to make the payment of commission a "condition" on, or "contingent" upon, obtaining $7,450, the listed price. *Ganley* v. *Kalikman, supra.*

The judgment is affirmed, with costs.